# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROBERT ELVIN MITCHELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 6:16-cv-47

(Case No.: 6:05-cr-15)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Mitchell ("Mitchell"), who is currently incarcerated at the Federal Correctional Institution-Allenwood (Low) in White Deer, Pennsylvania, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States of America filed a Response. (Doc. 3.) For the reasons set forth below, I **RECOMMEND** this Court **DENY** Mitchell's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Mitchell *in forma pauperis* status on appeal and **DENY** Mitchell a Certificate of Appealability.

## BACKGROUND

Mitchell was convicted in this Court, after entry of a guilty plea, of being a convicted felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). J., United States v. Mitchell, 6:05-cr-15 (S.D. Ga. Apr. 26, 2006), ECF No. 39. The Government moved the Court for a downward departure based on Mitchell's substantial assistance in the investigation and prosecution of others. Mot., United States v. Mitchell, 6:05-cr-15 (S.D. Ga. Apr. 10, 2006), ECF No. 36. The Honorable B. Avant Edenfield sentenced Mitchell to 150 months' imprisonment, to be served consecutively to his revoked state

parole term.  J., United States v. Mitchell, 6:05-cr-15 (S.D. Ga. Apr. 26, 2006), ECF No. 39. Mitchell did not file an appeal.  Mitchell filed the instant Section 2255 Motion on April 25, 2016.

## DISCUSSION

In his Motion, Mitchell contends his sentence was enhanced improperly under 18 U.S.C. § 924(e), or the Armed Career Criminal Act ("ACCA"), because his prior Georgia burglary convictions are not "violent felonies" under the ACCA.  (Doc. 1, p. 4.)  Mitchell cites Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), and Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), in support of his claims.  According to Mitchell, without the illegal enhancement, he is entitled to immediate release.  (Id.)

Respondent maintains Mitchell was sentenced appropriately as an armed career criminal. Specifically, Respondent asserts that Mitchell's sentence was enhanced pursuant to the ACCA on the basis of his convictions for possession of marijuana with intent to distribute, breaking and entering, and at least three burglaries.  (Doc. 3, p. 1.)

**I.  Whether Mitchell is Entitled to Relief Pursuant to Johnson**

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another, is subject to a mandatory minimum sentence of fifteen years' imprisonment.[1]  18 U.S.C. § 924(e)(1).  In Johnson, the Court explained that the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves*

---

[1] Without Section 924(e)'s enhancement, Mitchell would have been subject to a maximum term of ten years in prison.  See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

2

> *conduct that presents a serious potential risk of physical injury to another.'* § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

___ U.S. at ___, 135 S. Ct. at 2555–56. The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

To determine whether Mitchell is entitled to his requested relief, the Court must determine whether Mitchell has the requisite prior convictions to qualify for an enhanced sentence under the ACCA. According to the Government, Mitchell's prior Georgia burglary convictions do not qualify under the ACCA's residual clause definition of "violent felony". Rather, the Government asserts Mitchell's Georgia burglary convictions qualify as "violent felonies" under the separate "enumerated crimes clause" of the ACCA's violent felony definition, or the first part of Section 924(e)(2)(B)(ii). To aid this Court's determination, the Government has provided Shepard documents.[2]

### A. Whether Georgia's Burglary Statute is "Generic"

To assess whether a state conviction qualifies as a violent felony, the Court uses two methods. First, the Courts must assess the state statute under "the categorical approach." United States v. Howard, 742 F.3d 1334, 1345–46 (11th Cir. 2014). If that assessment does not end the inquiry, then Court must determine whether the statute can be assessed under the "modified categorical approach." Id.

---

[2] "[A] later court determining the character of [a previous conviction] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). These types of documents are commonly referred to as "Shepard documents."

3

Under the "categorical approach," courts compare the elements of the statute forming the basis of the defendant's conviction "with the elements of the 'generic' crime— i.e., the offense as commonly understood." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. Under this approach, "[t]he prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. If the statute so qualifies, then this ends the inquiry, and the modified categorical approach is not needed. Howard, 742 F.3d at 1345.

However, if the statute does not qualify as a predicate offense under the categorical approach, the Court must then determine whether it can apply the "modified categorical approach." Id. Courts can use the "modified categorical approach" in those instances "when a prior conviction is for violating a so-called 'divisible statute.'" Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. A divisible statute is a statute which "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to . . . determine which alternative formed the basis of the defendant's prior conviction." Id. To determine which alternative of a divisible statute formed the basis for the prior conviction, the Court can assess a limited class of documents including the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge. Shepard, 544 U.S. at 16.

If a statute is divisible, the Court can use the Shepard documents to "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. If the Shepard documents show that the defendant was found

4

guilty under elements of a divisible statute that match elements of the generic offense, instead of those that do not, the prior conviction is an ACCA predicate. Id. at 1347.

In contrast, "a statute is indivisible if it contains 'a single, indivisible set of elements.'" Howard, 742 F.3d at 1346 (quoting Descamps, ___ U.S. at ___, 133 S. Ct. at 2282 and at 2281 ("defining an indivisible statute as one 'not containing alternative elements'")). "An example of an indivisible statute would be one that criminalizes assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive.'" Id. (internal citation omitted). "If a statute is indivisible, a court may not apply the modified categorical approach, and that is the end of the inquiry; the prior conviction cannot qualify as an ACCA predicate regardless of what any Shepard documents may show." Id.

The Eleventh Circuit Court of Appeals recently had occasion to determine whether burglary convictions under Georgia law qualify as violent felonies under the ACCA's enumerated crimes clause. United States v. Gundy, ___ F.3d ___, No. 14-12113, 2016 WL 6892164 (11th Cir. Nov. 23, 2016). In so doing, the Eleventh Circuit first identified "the elements of generic burglary. The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein." Id. at * 6 (citing Howard, 742 F.3d at 1342; Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2248 (June 23, 2016)).

The Georgia burglary statute, at the time of Mitchell's 1997 convictions, provided:

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

5

O.C.G.A. § 16-7-1 (version in effect from 1980–2012). This statute "criminalizes the following conduct: (1) entry into a dwelling house, a building, or other structures (2) 'without authority,' and (3) with 'intent to commit a felony or theft therein.' Section 16-7-1 thus criminalizes conduct that would satisfy all the elements of a generic burglary." Gundy, 2016 WL 6892164 at *6. However, at the time of Mitchell's prior convictions, Section 16-7-1 also criminalized conduct broader than the ACCA's generic definition of burglary. "Specifically, § 16-7-1 encompassed not only unlawful entry into buildings or other structures, but also into vehicles, railroad cars, watercraft, or aircraft." Id. (citing United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006); Howard, 742 F.3d at 1342). Thus, the version of Section 16-7-1 under which Mitchell was convicted "is non-generic[ ]" because it "also criminalized conduct broader than the ACCA's generic definition of burglary." Id.

> However, the Eleventh Circuit determined that:
>
> [r]ather than a single locational element, the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive. Each of the three subsets enumerates a finite list of specific structures in which the unlawful entry must occur to constitute the crime of burglary. In doing so, the burglary statute has multiple locational *elements* effectively creating several different crimes."

Id. at * 8 (emphasis supplied) (quoting Descamps, 570 U.S. at ___, 133 S. Ct. at 2281) (explaining that an example of a divisible statute is one "stating that burglary involves entry into a building or an automobile"). "This is why under Georgia law a prosecutor must select, identify, and charge the specific place or location that was burgled. For example, the Georgia Court of Appeals has held that a burglary indictment must charge the particular place or premises burgled and the specific location of that place or premises." Id.; see also, e.g., Morris v. State, 303 S.E.2d 492, 494 (Ga. Ct. App. 1983) (stating that "where the defendant is charged with burglary, the indictment must specify the location of the burglary" and concluding that the

6

indictment was sufficient where it charged a "building," identified as "the Financial Aid Office and Alumni Office, located at Fort Valley State College, Fort Valley, Peach County, Georgia"). The alternative locational elements in the Georgia statute make this statute divisible, as the Eleventh Circuit concluded. Gundy, 2016 WL 6892164 at * 9.

### B. Determination of Whether Mitchell's Georgia Burglary Convictions are Generic and Qualify as "Violent Felonies" Under the ACCA

Employing the modified categorical approach and reviewing the relevant Shepard documents for Mitchell's prior Georgia burglary convictions confirm that he was charged with and pled guilty to at least five "generic" burglaries of a building: 1) Case No. 1B98CR028, Bulloch County (Ga.) Superior Court, Count 1: "Mitchell . . . on December 3, 1997, . . . did . . . enter the dwelling house of another, to wit: Larry Green, located at . . . Pleasant Hill Church Road, Ellabell, Georgia,"; 2) Case No. 1B98CR028, Bulloch County (Ga.) Superior Court, Count 2: "Mitchell . . . did . . . on November 20, 1997, . . . enter[ ] a building to wit: a tool shed, located at . . . Highway 119 in lawful possession of John Grey[;]"; 3) Case 1B98CR028, Bulloch County (Ga.) Superior Court, Count 3:"Mitchell did . . . on November 19, 1997 . . . enter the dwelling house of another, to wit: Pat Morgan, located at . . . Pleasant Hill Church Road, Ellabell, Georgia," (doc. 3-1, pp. 3–4); 4) Case No. 1E98CR044W, Effingham County (Ga.) Superior Court, Count 1: "Mitchell . . . on November 4, 1997 . . . did . . . enter a building to wit: a shop building, located at . . . Deerfield Road East in lawful possession of Wendell Allen[;]" and 5) Case No. 1E98CR044W, Effingham County (Ga.) Superior Court, Count 2: "Mitchell . . . did . . . on November 26, 1997 . . . enter a building to wit: a shed, located at . . . Riverbranch Road in lawful possession of Michael Milan[,]" (doc. 3-2, pp. 5–6); see also Pre-sentence Investigation Report, ¶¶ 44–45.

7

Accordingly, Mitchell's state court indictments establish that his Georgia burglary convictions involved these three elements: (1) an unlawful entry; (2) into a dwelling house or building; (3) with intent to commit a crime therein. "These elements substantially conform to the generic definition of burglary." Gundy, 2013 WL 6892164 at *10. Mitchell's five prior Georgia burglary convictions qualify as "violent felonies" under the ACCA's enumerated crimes clause; therefore, he was sentenced properly under the ACCA and is not entitled to his requested relief.[3]

Mitchell has more than three qualifying predicate offenses under the ACCA for a violent felony under the enumerated crimes clause. The residual clause had no bearing on Mitchell's enhanced sentence under the ACCA. Correspondingly, the Supreme Court's striking down of the residual clause in Johnson also has no bearing on his sentence. Consequently, Mitchell is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Motion.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Mitchell leave to appeal *in forma pauperis*. Though Mitchell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[3] As the Government notes, it does not appear that Mitchell contests any of his prior convictions other than his Georgia burglary convictions.

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Mitchell's Motion and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Mitchell a

Certificate of Appealability, Mitchell is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Mitchell's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Mitchell *in forma pauperis* status on appeal and **DENY** Mitchell a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court  to serve a copy of this Report and Recommendation upon Mitchell and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA